# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

v.

Roy Hoskins

May 10, 2013

Case Nos. CR12-3117-00 through CR12-3117-03

BY JUDGE RANDALL D. SMITH

The parties were before the Court on Roy Hoskins's ("Defendant") motion to suppress evidence. The Court has considered the briefs submitted to the Court, the arguments of counsel, and the applicable case law. The Court previously stated factual findings on the record. The Court now stands ready to rule. Defendant's motion to suppress is denied.

The Court finds that Defendant and his mother, Betty Hoskins ("Ms. Hoskins"), shared a home together. Defendant and Ms. Hoskins were present in their home when Officer Duncan questioned Defendant to determine what drugs Defendant ingested to aid the paramedics in their treatment of him. During a conversation with Defendant, Officer Duncan asked Defendant if he could search Defendant's room and the rest of the house. Defendant responded that he would not answer any more questions. Officer Duncan then turned to Ms. Hoskins and asked for consent to search the home. Ms. Hoskins consented. Upon the search of Defendant's bedroom, police recovered narcotics, drug paraphernalia, and a firearm. Defendant was charged with possession of cocaine, possession of heroin, possession of firearms while in possession of certain substances, and possession or distribution of controlled paraphernalia. Defendant moved to suppress the narcotics, drug paraphernalia, and firearm.

In his brief, Defendant relies upon *Georgia v. Randolph*. In *Randolph*, police responded to a domestic dispute, and the respondent's wife told officers that there were "items of drug evidence" in the house. *Georgia v. Randolph*, 547 U.S. 103, 107 (2006). An officer asked the respondent for consent to search the house. Respondent refused. The officer then turned to the wife and asked for consent, which she granted. The wife and the

officer entered the home, and the officer saw a drinking straw and suspected cocaine residue. The officer got a search warrant and seized further evidence of drug use. After being indicted for possession of cocaine, respondent moved to suppress the evidence. The Supreme Court of the United States found "that a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." *Id.* at 122-23. As such, the Court held that because of respondent's refusal, the search was unlawful. *See id.* at 123.

The Commonwealth relies upon *Glenn v. Commonwealth.* In *Glenn,* police arrested the defendant for robbery in the home that he shared with his grandfather. *Glenn v. Commonwealth,* 275 Va. 123, 128, 645 S.E.2d 910, 912 (2008). While the defendant was present, police asked the grandfather if they could search the home, and the grandfather consented. An officer found evidence of the robbery in the Defendant's bedroom. The Defendant was present during the search and did not protest. Defendant moved to suppress the evidence at trial. Applying *Randolph,* the Supreme Court of Virginia found that "if the search is otherwise objectively reasonable, a potential objector who raises no objection to the search when he has the opportunity to do so 'loses out'." *Glenn,* at 136, 645 S.E.2d at 917. Because the defendant did not object when he had the opportunity to do so and the grandfather had the apparent authority to consent to a search, the search was not unlawful. *Id.* at 137, 645 S.E.2d at 917. As such, the Court held that there was no error in denying Defendant's motion to suppress. *Id.*

In this case, the facts are analogous to *Glenn.* As in *Glenn,* the Defendant was present when officers sought consent for a search but did not object. The Defendant had ample opportunity to object to the search when Officer Duncan asked him for consent. Rather than objecting, the Defendant stayed silent, and Officer Duncan obtained consent for the search from Ms. Hoskins. After the search began, Defendant never expressed an objection. As the search appears to be objectionably reasonable, Defendant loses out because he did not speak up. Therefore, Defendant's motion to suppress is denied.